Battle, J.
 

 In the 40th chapter of the Revised Code, entitled “Draining and Damming Low Lands,” there is a provision (s. 8) enabling the proprietor of any low or flat lands to drain them by cutting a ditch or canal Into a canal belonging to other persons. The 9th section prescribes that such owners shall be made parties defendants to the petition required by previous sections, and proceeds to point out the manner and terms in and under which it may be done. The 10th section requires that the commissioners, who may have been appointed to determine the route of the proposed ditch or canal, and its width, depth, &c., shall, besides the damages which they may assess against the petitioner for the privilege of draining into the canal of other persons, “assess and apportion the labor which the petitioner and defendants shall severally contribute towards repairing the canal or canals, into or through which the petitioner drains the water from his lands, and report the same to court, which, when confirmed, shall stand as a judgment of the court against each of the parties, his executors and administrators, heirs and assigns.”
 

 In the case now before us, the commissioners, having acted, made a report, in which they assessed the proportion of
 
 *311
 
 the expenses which the petitioner should hear in clearing out the canal into which his ditch or canal drained, but omitted to assess the defendants, or any, or either of them, with any part of such expenses. For this, as well as for some other matters, the petitioner excepted to the report, and moved to have it set aside. This motion was refused in the County Court, but, upon appeal, was sustained in the Superior Court, and, from the order of the latter, the case comes by appeal before us.
 

 It is manifest that the requirement of the 10th section of the act is of vital importance to the parties. Without it, the petitioner has no means oí enforcing the performance by the defendants of the work and labor, without which the canal into which he drains may become useless, or perhaps a nuisance. The omission of it, then, in the report of the commissioners must be deemed fatal, and the report ought to be set aside.
 

 The order made in the Superior Court must be affirmed, and this must be certified to that court, to the end that a writ of
 
 procedendo
 
 may issue to the County Court, directing them to set aside the report of the commissioners and proceed with the cause.
 

 Per C driah. Ordered accordingly.